UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

WILLIAM HUBBARD, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

THOMPSON & SONS MOVING AND STORAGE, INC.,
a Florida Corporation,
SHAWN THOMPSON, individually, and
MAREN MORRIS, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, WILLIAM HUBBARD (hereinafter referred to as "Plaintiff"), is an individual residing in Broward County, Florida.

2. Defendant, THOMPSON & SONS MOVING AND STORAGE, INC. ("THOMPSON & SONS MOVING"), a Florida Corporation, has its principal address in Florida at 1746 Avenida Del Sol, Boca Raton, Florida 33432 and along with Defendants, SHAWN THOMPSON and MARCEN MORRIS, have at all times material to this Complaint provided packing, moving, and related services for customers inside and outside of Florida, including in Palm Beach County and throughout South Florida within the jurisdiction of this Court, as well as serving New York, New Jersey, and the New England Area, with Defendants' other locations in Orlando, Florida as well as Brooklyn, New York and Sayreville, New Jersey.

3. Defendants, SHAWN THOMPSON and MARCEN MORRIS, have at all times material to this Complaint owned, managed, and operated THOMPSON & SONS MOVING and

1

Defendants THOMPSON and MORRIS have regularly exercised the authority to hire and fire Plaintiff and Defendants' other employees, determined the manner in which Plaintiff and Defendants' other employees are compensated, determined how Plaintiff's and Defendants' other employees' hours worked are tracked or recorded, set the rates of pay of Plaintiff and Defendants' other employees, and controlled the finances and operations of THOMPSON & SONS MOVING. By virtue of such control and authority, SHAWN THOMPSON and MARCEN MORRIS are employers of Plaintiff and the other similarly situated employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself and other current and former non-exempt employees of THOMPSON & SONS MOVING, SHAWN THOMPSON, and MARCEN MORRIS (collectively referred to as "Defendants") for unpaid wages and overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b), and Florida law, as well as for Tax Fraud in violation of 26 U.S.C. 7434.[1]

5. At all times material to this Complaint Defendants have acted in the interest of an employer toward Plaintiff and the other similarly situated employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other employees similarly situated to him.

6. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), 26 U.S.C. 7434, and 28 U.S.C. §1337 & §1367.

7. A substantial part of the events giving rise to this action, occurred in Palm Beach,

---

[1] Attached hereto is a signed Consent to Join of Plaintiff HUBBARD.

County, within the jurisdiction of the United States District Court for the Southern District of Florida.

8. At all times material to this Complaint, THOMPSON & SONS MOVING has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, THOMPSON & SONS MOVING has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked on cardboard boxes, bubble wrap, shrink wrap, tape, and blankets that were goods and/or materials that were moved in or produced for commerce; (b) handled and worked with tools and equipment including hand trucks, dollies, and commercial vehicles including box trucks which were regularly fueled at gas stations such as Valero, all of which were goods and/or materials that were moved in or produced for commerce; and (c) transacted business with customers across State lines, including but not limited to between the States of Florida, New York, and New Jersey.

9. Based upon information and belief, the annual gross sales volume of THOMPSON & SONS MOVING has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2016 and 2017.

10. At all times material to this Complaint, including but not necessarily limited to during the years 2016 and 2017, THOMPSON & SONS MOVING has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. During the three (3) year statute of limitations period between approximately September 2016 and mid-January 2017, Plaintiff's primary duties for Defendants consisted of the

following non-exempt tasks: loading and driving box trucks for moves/deliveries within the State of Florida, including as far north as the Orlando area and as far west as Naples to the Tampa area; customer service; reviewing paperwork and Defendants' service contracts with customers; collecting payments from customers; and working with Defendants' crew members to review items were not damaged.

12. During numerous work weeks within the three (3) year statute of limitations period between approximately September 2016 and mi-January 2017, Plaintiff worked in excess of Forty (40) hours per week for Defendants but was not paid time and one-half wages for *all* of his actual overtime hours worked for Defendants. Instead, Defendants paid Plaintiff based upon a regular rate of $12.00/hour without paying time and one-half wages for *all* of Plaintiff's hours worked in excess of Forty (40) hours per week.

13. More specifically, during a total of approximately sixteen (16) work weeks between approximately September 2016 and mi-January 2017, Plaintiff worked for Defendants with start times between 7:00-8:00 a.m. and varying stop times that ranged between approximately 5:00 p.m. and 1:00 a.m., regularly working between approximately Fifty (50) and Seventy (70) hours per week.

14. At all times material to this Complaint, Defendants had knowledge that Plaintiff was in fact a full-time, non-exempt employee of THOMPSON & SONS MOVING AND STORAGE, INC. within the meaning of the FLSA, 29 U.S.C. §203(e), not an independent contractor.

15. The facts and circumstances of the work Plaintiff performed for Defendants between approximately September 2016 and mid-January 2017 reveal and confirm that Plaintiff was an employee of Defendants under the law, including but not limited to because:

(a) Plaintiff worked on a full-time, permanent basis carrying out non-exempt customer service and related duties in Defendants' moving business each work week;

(b) Plaintiff was wholly dependent on Defendants for earning his livelihood;

(c) Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff;

(d) Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants;

(e) the duties Plaintiff carried out for Defendants on daily basis did not require specialized skills; and

(f) Plaintiff's customer service and related duties for Defendants and Defendants' customers were an integral part of Defendants' business.

16. Accordingly, at all times material to this Complaint, Plaintiff was an "employee" of THOMPSON & SONS MOVING AND STORAGE, INC., SHAWN THOMPSON, and MARCEN MORRIS under the FLSA, 29 U.S.C. §203(e)(1).

17. Likewise, Defendants also failed to pay Plaintiff for a total of approximately 94.25 hours he worked for Defendants between approximately December 2016 and January 2017, despite the fact that Plaintiff was entitled to be paid his regular hourly rate of $12.00/hour for each regular hour Plaintiff worked for Defendants and $18.00/hour for each hour of overtime Plaintiff worked for Defendants.

18. The additional persons who may become Plaintiffs in this action are the current and former non-exempt employees, however variously titled, who have worked for Defendants in one or more weeks between May 2014 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week during one or more work weeks within the three (3) year statute of limitations period.

19. In numerous work weeks between May 2014 and the present, Defendants have willfully failed to comply with the requirements of the FLSA by, *inter alia*, failing to pay overtime time and one-half wages for all of the actual overtime hours worked by Plaintiff and those

employees similarly situated to him as a result of Defendants knowingly misclassifying Plaintiff and the other workers as independent contractors" despite the economic realities of their duties revealing they were employees as a matter of law.

20. At all times material to this Complaint, Defendants had knowledge of the actual hours worked by Plaintiff and other similarly situated non-exempt employees in multiple work weeks between May 2014 and the present, all of which work was for the benefit of Defendants. Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff and the other similarly situated employees with time and one-half wages for all of their actual overtime hours worked, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to him without paying the overtime compensation required by the FLSA.

21. Based upon information and belief, records of at least some of the start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated employees of Defendants in one or more work weeks within the three (3) year statute of limitations period between May 2014 and the present are in the possession, custody, and/or control of Defendants.

22. The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees between May 2014 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff, WILLIAM HUBBARD, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

24. Plaintiff is entitled to be paid time and one-half of his applicable regular rate(s) of pay for each and every hour he worked for Defendants in excess of Forty (40) hours per work

week during the three (3) year statute of limitations period between approximately September 2016 and mid-January 2017.

25. Based upon Plaintiff being owed an Twenty (20) unpaid overtime hours per week at the rate of $6.00/hour from Defendants during a total of approximately Sixteen (16) work weeks between approximately September 2016 and mid-January 2017, Plaintiff's unpaid overtime wages total $1,920.00 [20 Unpaid OT hours/week x $6.00/hour x 16 weeks = $1,920.00].

26. All similarly situated current and former non-exempt employees, however variously titled, who have worked in excess of Forty (40) hours per week for Defendants in one or more weeks between May 2014 and the present are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period.

27. At all times material to this Complaint, Defendants have had notice that their compensation practices did not provide Plaintiff and Defendant's other non-exempt employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between May 2014 and the present based upon, *inter alia*: (a) Defendants maintaining records of at least some of the hours worked by Plaintiff and the other similarly situated non-exempt employees in excess of Forty (40) hours per week; and (b) Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees.

28. By reason of the intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

7

29. Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants' other non-exempt employees, however variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

30. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

31. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, WILLIAM HUBBARD, and any current or former non-exempt employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, THOMPSON & SONS MOVING AND STORAGE, INC., SHAWN THOMPSON, and MARCEN MORRIS, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## TAX FRAUD IN VIOLATION OF 26 U.S.C. §7434

32. Plaintiff, WILLIAM HUBBARD, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

33. Despite the fact that Plaintiff was at all times material to this Complaint an "employee" of Defendants within the meaning of the Fair Labor Standards Act and Florida law, THOMPSON & SONS MOVING AND STORAGE, INC., SHAWN THOMPSON, and MARCEN MORRIS knowingly failed to issue Plaintiff an IRS W-2 Form for the year 2016 and instead issued Plaintiff an IRS Form 1099 in the erroneous amount of $5,640.00 while failing to

make applicable withholdings and tax payments as required by law and remitting the required taxes to be paid by Defendants to the government.

34. Defendants, THOMPSON & SONS MOVING AND STORAGE, INC., SHAWN THOMPSON, and MARCEN MORRIS, issued an information return to Plaintiff for at least the tax year 2016 with respect to payments made by Defendants to Plaintiff for the non-exempt work and Plaintiff performed for Defendants.

35. The information return issued by Defendants, THOMPSON & SONS MOVING AND STORAGE, INC., SHAWN THOMPSON, and MARCEN MORRIS, to Plaintiff for the year tax year 2016 was fraudulent and known to be fraudulent by Defendants at the time Defendant issued the return to Plaintiff.

36. Pursuant to 26 U.S.C. §7434(b), Plaintiff is entitled to damages from Defendants in an amount equal to the greater of (a) $5,000.00; or (b) the actual damages sustained by Plaintiff as a proximate sum result of Defendants' filing of fraudulent information returns, plus costs and attorneys' fees.

37. As a result of Defendants' filing of a fraudulent information return for the 2016 tax year when Defendants did not even pay Plaintiff all of the actual compensation due and owing to him, and Defendants' concomitant failure to withhold and remit applicable employment taxes from the compensation that was paid by Defendants, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, WILLIAM HUBBARD, demands judgment against Defendants, jointly and severally, THOMPSON & SONS MOVING AND STORAGE, INC., SHAWN THOMPSON, and MARCEN MORRIS, for damages, attorneys' fees, and costs pursuant to 26 U.S.C. §7434.

# COUNT III
# RECOVERY OF UNPAID WAGES UNDER FLORIDA LAW

Plaintiff, WILLIAM HUBBARD, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

38. Between approximately December 2016 and January 2017, Plaintiff performed work for Defendants for which he was not compensated at all, despite Defendants accepting the benefits of Plaintiff's work.

39. Pursuant to Florida law, Plaintiff is owed earned but unpaid wages and has suffered damages as a result of Defendants' refusal to pay all of Plaintiff's earned wages.

40. Under the terms of Plaintiff's employment with Defendants, Plaintiff was entitled to be paid $12.00/hour for each regular hour Plaintiff worked for Defendants between approximately December 2016 and January 2017. However, based upon Plaintiff being owed approximately Ninety-Four and One-Half (94.5) hours at the rate of $12.00/hour from Defendants from the two final paychecks Plaintiff was not paid by Defendants, Plaintiff's unpaid wages under Florida law total $1,131.00 [94.5 Unpaid hours/week x $12.00/hour = $1,131.00].

41. Plaintiff has requested Defendants pay Plaintiff for the full extent of his actual hours worked between approximately December 2016 and January 2017 but Defendants have failed to make payment to Plaintiff.

42. Plaintiff has retained the undersigned counsel and pursuant to F.S. §448.08, Plaintiff is entitled to recover all reasonable attorneys' fees and costs from Defendants as a result of Defendants' failure to pay Plaintiff's wages.

43. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, WILLIAM HUBBARD, demands judgment against Defendants, THOMPSON & SONS MOVING AND STORAGE, INC., SHAWN THOMPSON, and

MARCEN MORRIS, for the payment of all unpaid wages and related damages, reasonable attorneys' fees and costs, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: May 2, 2017

Respectfully submitted,

By: **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), **Thompson & Sons Moving and Storage Inc.**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

William Hubbard
Printed Name

Signature: *William Hubbard*
William Hubbard (Mar 27, 2017)

Email: williamhubbard93@yahoo.com